## Provident Life & Accident Insurance Company v. Spurlock.

(Decided February 12, 1932.)

J. WOODFORD HOWARD and W. P. MAYO for appellant.

A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On October 8, 1925, appellant issued to Frank Spurlock an accident insurance policy whereby it insured him against bodily injury resulting directly and exclusive of all other causes in total or partial disability or death. By the terms of the contract of insurance, the insurer agreed to pay to the insured the sum of $7 a week for a period of 104 weeks, and thereafter one-fourth of such amount so long as insured should live and continue totally disabled for total disability resulting from bodily injuries sustained solely through external, violent, and accidental means. The policy also provided for the payment of weekly indemnity on account of sickness, in the event the sickness resulting in disability was contracted during the life of the policy and after it had been maintained in continuous force for 10 days.

On April 14, 1927, the insured, who was under 21 years of age, brought this action by his father as next friend, to recover the sum of $525 alleged to be due under the policy by reason of total disability resulting from bodily injuries sustained by him on November 5, 1925. It was alleged in the petition that on November 5, 1925, and while the plaintiff was in the employ of the Stumbo-Elkhorn Coal Company, and in the performance of his duties as a laborer in hauling oil on a truck, he was violently and accidently thrown from the truck onto a large pile of rock, and the bones of his left shoulder were crushed, bruised, and broken to such an extent that he had been since that time wholly and continuously disabled. On November 20, 1928, an amended petition was filed in which the amount sought to be recovered was increased to $833.

The company filed an answer and later an amended answer traversing the material averments of the petition as amended, and setting up affirmatively that the insured's alleged disability resulted, not from injuries sus-

tained solely through accidental means, but from a disease with which he had become afflicted. Other pleadings were filed completing the issues, and, upon a trial of the case, the jury returned a verdict for $833 in favor of the insured. From the judgment entered thereon, this appeal is prosecuted.

For a reversal of the judgment, a number of grounds are relied on, including the one that the trial court erred in refusing to sustain appellant's motion for a peremptory instruction in its favor, and, since it is apparent that plaintiff failed to prove his cause of action, we have concluded to limit our discussion to that ground.

The plaintiff bases his cause of action solely upon the provision of the policy which insured him against the effects resulting "directly and exclusive of all other causes" from bodily injuries sustained solely through accidental means. Two physicians were introduced as witnesses by the plaintiff and one by the defendant. All agreed that plaintiff was then afflicted with a disease known as tuberculosis of the bone, and by reason thereof was wholly disabled from performing any work. Dr. Walk Stumbo testified that he began treating plaintiff in November, 1925. Plaintiff complained of pain in his shoulder, and the witness at first diagnosed the disease as rheumatism, but later as tuberculosis of the bone. There was no visible evidence that plaintiff had sustained an injury to his shoulder. The witness and his brother, Dr. Ed Stumbo, made an incision in plaintiff's arm, and found pus around the bone. All of the physicians who testified agreed that tuberculosis germs must be active for at least three or four months before pus accumulates. Tuberculosis seldom follows a fracture and never a dislocated joint. There was no evidence that any bone in plaintiff's arm was fractured. None of the physicians testified that the tuberculosis with which plaintiff was suffering resulted from an injury. On the other hand, Dr. Walk Stumbo testified in part as follows:

"Q. Tell the jury whether or not tuberculosis of the bone is very often caused by a bruise. A. I have known it in a few cases.

"Q. You don't know whether this came from a bruise or not? A. I didn't think it at the time.

"Q. You don't know it now? A. No, I don't."

Dr. Edward Stumbo was asked the following question, and gave the following answer:

"Q. Isn't it a fact that you are unable to state what caused the tuberculosis in this joint and it is a matter of speculation where or when it started or what is the cause? A. It is impossible for me or any other man to state where it came from or what caused it."

Dr. Harry Mayo, who was introduced as a witness by the defendant, testified that if on November 25, 1925, an examination of plaintiff's arm disclosed there was a pus formation as the result of tuberculosis, tuberculosis germs necessarily had been active for 3 or 4 months. Thus all of the medical testimony is to the effect that plaintiff's disability is due to a diseased condition which necessarily existed at the time the policy was issued, and there is no evidence in the record to the contrary. There is no evidence tending to show that the accidental fall which plaintiff claims he sustained was the proximate cause of the tuberculosis of the bone which caused his disability.

Conceding that the accident occurred, it was incumbent upon the plaintiff to show by competent proof that the disease with which he is now afflicted resulted from the accident. Standard Accident Insurance Co. v. Strunk, 220 Ky. 256, 294 S. W. 1085; Pack v. Prudential Casualty Co., 170 Ky. 47, 185 S. W. 496, L. R. A. 1916E, 952; Ætna Life Insurance Co. v. Bethel, 140 Ky. 609, 131 S. W. 523.

There was no proof tending to show that the disease which caused plaintiff's disability resulted from the alleged accident, and it follows that the trial court erred in overruling defendant's motion for a directed verdict in its favor.

Judgment reversed.